UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DENNIS L. GIBSON,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     vs. ) | Case No. 4:11CV2223SNLJ |
| ) | |
| **MONSANTO CO., SOLUTIA, INC.,** ) | |
| **PHARMACIA CORP., and PFIZER, INC.,** ) | |
| ) | |
|     **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's motion to remand [14], filed January 16, 2012. Defendants have filed a responsive pleading. *See*, [16[]], filed January 23, 2012.

Defendants removed this case on the two grounds of federal jurisdiction: 1) this case was part of a "mass action" pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. §1332(d)(2); and 2) diversity jurisdiction. Plaintiff's motion to remand only addresses the validity of federal jurisdiction pursuant to CAFA, the motion fails to address the second ground for federal jurisdiction; i.e. diversity.

As a preliminary matter, the Court will follow the well-reasoned memoranda and orders of its fellow courts in seven (7) other similar PCB cases in which said cases were removed based upon the premise that each of those cases was part of the same "mass action" case pursuant to CAFA. In each of the other cases, remand was granted upon a finding that such case was not within the scope of CAFA's definition of "mass action".[1]

---

[1] Hammonds v. Monsanto, et. al., 4:11CV1660(DDN); Walker v. Monsanto, et. al., 4:11CV1654(CEJ); Stapleton v. Monsanto, et. al., 4:11CV1656(AGF); Nunn v. Monsanto, et. al., 4:11CV1657(CEJ); Rodriguez v. Monsanto, et. al., 4:11CV1658(AGF); Dublin v. Monsanto,

However, the issue of diversity jurisdiction was not raised in those other PCB cases as it is raised in the instant case. Thus, although jurisdiction does not arise under CAFA, the Court will not address whether jurisdiction is properly before this Court based upon diversity jurisdiction. Contrary to the defendants' contention, the failure of the plaintiff to address this issue does not mean that the plaintiff has "forfeited" his right to consider this issue. Subject matter jurisdiction must be addressed whenever the Court believes that it is questionable, for whatever reason. Thus, the Court will allow the plaintiff to address the issue of federal diversity jurisdiction before the Court makes a final ruling on the plaintiff's motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [14] be and is held in abeyance until such time plaintiff has filed a responsive pleading regarding the issue of diversity jurisdiction as raised in the defendants' responsive pleading [16], filed January 23, 2012.

**IT IS FINALLY ORDERED** that plaintiff shall file a responsive pleading to defendants' memorandum in opposition [16] regarding the issue of diversity jurisdiction on or before February 29, 2012. Extension of time shall not be granted except for good cause shown. At the expiration of the response deadline, the Court will deem the pending motion to remand ripe for disposition regardless of whether plaintiff has filed said pleading.

Dated this   22nd   day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

et. al., 4:11CV1659(CEJ); and Hampton v. Monsanto, et. al., 4:11CV1662(CEJ).